IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 8781 |
| | ) | |
| v. | ) | JUDGE RONALD GUZMAN |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Ian Levin |
| | ) | |
| Defendants. | ) | |

DOCKETED JAN 1 6 2002

FILED JAN 1 1 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## NOTICE OF MOTION

To:  John M. Beal                           Andrea E. Gambino
     53 West Jackson Boulevard              200 South Michigan Avenue
     Suite 1108                             Suite 1240
     Chicago, Illinois 60604                Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court the **DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S COMPLAINT**, a copy of which is attached hereto and herewith served upon you.

**PLEASE TAKE FURTHER NOTICE** that I shall appear before the Honorable Judge Guzman or before such other Judge sitting in his stead, on the 17th day of January 2002, at 9:30 a.m., or as soon thereafter as counsel may be heard, and then and there present the attached motion.

DATED at Chicago, Illinois this 11th day of January 2002.

                                    Respectfully submitted,
                                    MARA S. GEORGES
                                    Corporation Counsel
                                    City of Chicago

                            By:     /s/ Arnold H. Park
                                    ARNOLD H. PARK
                                    Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6922
Atty. No. 06237837

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 1 1 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JEREMY LINSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 8781 |
| | ) | |
| v. | ) | JUDGE RONALD GUZMAN |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Ian Levin |
| | ) | |
| Defendants. | ) | |

DOCKETED
JAN 1 6 2002

## DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS
## COUNTS I AND III OF PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I and III of Plaintiff's Complaint. In support of this Motion, City states:

**Introduction**

Plaintiff brings a four count Complaint against City, Chicago Police Officers J. Miller and A. Gonzalez (Officers), and a civilian, Willard Kobusch (Kobusch). Plaintiff alleges in Count I that Defendant Officers violated his civil rights; in Count II, that they committed state common law assault and battery; and in Count III, that they conspired to violate his civil rights and to assault and batter him. Count IV is directed at Kobusch for false arrest. Plaintiff names City as a defendant in all three counts with Defendant Officers, claiming that it is liable for the tortious conduct of Defendant Officers. City moves to dismiss Count I because the only claim raised against City is under *respondeat superior*; however, such liability cannot attach under Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978), and its progeny. Count III should be dismissed because Plaintiff has inadequately pleaded the conspiracy claim.



### Statement of Facts

For the purposes of this Motion, City presumes that the following facts taken from Plaintiff's Complaint are true. On July 12, 2001, Plaintiff was near the location of 3655 North Sheffield Avenue in Chicago, Illinois. (Complaint ¶ 2). At some point, Defendant Kobusch approached several unknown Chicago Police Officers and falsely told them that he had been struck by a beer can thrown by Plaintiff. (Complaint ¶ 2). Acting on this information, the unknown police officers placed Plaintiff under arrest with the assistance of Defendant Officers. (Complaint ¶ 2). During the arrest, the unknown police officers allegedly beat, hit, and kicked Plaintiff. (Complaint ¶ 2). According to the Complaint, Defendant Officers not only failed to intervene when the unknown police officers were physically abusing Plaintiff, but they also participated in the beating of Plaintiff. (Complaint ¶ 4-5). As a result of the events surrounding his arrest, Plaintiff suffered severe bruising. (Complaint ¶ 4).

### Standard of Review

A claim should be dismissed under Rule 12(b)(6) only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.1998). A complaint "must at least include the operative facts upon which a plaintiff bases his claim." Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989). Although mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint, the absence of facts to support a claim renders the allegations mere legal conclusions subject to dismissal. Illinois v. Roland, 812 F. Supp. 855, 862 (N.D. Ill. 1993).

## ARGUMENT

### I. Plaintiff has failed to raise a § 1983 claim against City.

Plaintiff brings his claim against City under 42 U.S.C. § 1983. The Supreme Court has established that municipalities may be held liable under § 1983 for deprivations of federal rights. Monell, 436 U.S. at 691. Municipalities may not be held liable under a theory of *respondeat superior*, however, because the purported constitutional injury must be proximately caused by the execution of an official government policy or custom. Id. at 694.

This Court has previously discussed the issue of policy under Monell and held that the constitutional injury must arise from the operation of a municipal policy. Mock v. City of Chicago, 2000 WL 556753, *2 (N.D. Ill. 2000) ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983."); Baker v. City of Chicago Police Department, 2000 WL 556619, *2 (N.D. Ill. 2000) ([plaintiff's] complaint merely alleges injuries caused by the isolated acts of [defendant] and fails to make even a bare allegation that [defendant's] conduct in anyway conformed to official policy, custom, or practice. Such an allegation is insufficient to support municipal liability under the standards of Monell.")

In the case at bar, Plaintiff's Complaint fails to allege that a policy existed that was the direct cause of his civil rights violation. There are simply no allegations in the Complaint that Defendant Officers were acting in compliance with a municipal policy when they allegedly deprived Plaintiff of his constitutional rights, or that such a harmful municipal policy even existed; in fact, the Complaint is bereft of even the word "policy." Instead, the crux of Plaintiff's Complaint is simply that the individual police officers beat him while taking him into custody,

3

and "the City of Chicago as employer of defendants"[1] is liable. Thus, Plaintiff has essentially filed a *respondeat superior* suit against City and merely designated it as a § 1983 action; and in a § 1983 action, a *respondeat superior* claim against City is not sustainable. Therefore, Count I against City should be dismissed.

### II.  Plaintiff has inadequately pleaded his claim of conspiracy.

Plaintiff asserts in Count III that City is exposed to liability by the alleged conspiracy of Defendant Officers to violate his civil rights and to assault and batter him. Thus, Count III essentially contains a federal civil rights conspiracy and a state common law conspiracy claim. The claim of conspiracy to assault and batter by Defendant Officers and imputed to City is asserted under state law and falls within the Tort Immunity Act.[2] Plaintiff alleges that City is liable for the actions of Defendant Officers which are imputed to City under the theory of *respondeat superior*. Under the Act, a municipality may not be held liable in torts if its employees are not liable.[3] This state conspiracy claim should be dismissed because Plaintiff has failed to provide sufficient notice in the Complaint of the conspiracy alleged against Defendant Officers. See Buckner v. Atlantic Plant Maintenance, Inc., 182 Ill. 2d 12, 23 (1998). Moreover, the claim of conspiracy to violate Plaintiff's civil rights is also defective in the same fashion because there is insufficient factual notice provided relating to the conspiracy.

This Court has previously noted that "[u]nder section 1983, conclusory allegations of a

---

[1] Complaint ¶ 5

[2] Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq.

[3] A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

4

conspiracy are insufficient to withstand a motion to dismiss." Baker, 2000 WL 556619 at *3. Additionally, "a conspiracy requires factual allegations showing a meeting of minds." Id. As this Court observed in Baker, conclusory assertions which fail to allege any kind of agreement between the defendant and any other person to deprive the plaintiff can lead to a dismissal of the conspiracy claim. Id.; Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998).

Here, Plaintiff follows the same flawed design in pleading his conspiracy claim as the plaintiff in Baker. Plaintiff has failed to provide any factual allegations showing that Defendant Officers and the unknown police officers had reached an agreement to deprive Plaintiff of his constitutional rights or to assault and batter him. The Complaint is deficient of any allegation as to when or where the conspiracy developed, the scope and duration of the conspiracy, or to the actual participants in the conspiracy. The only factual allegation in this count is that Defendant Officers did not intervene when Plaintiff was being beaten. (Complaint ¶ 5). However, this single assertion fails to demonstrate the existence of a conspiracy. Because Count III lacks the requisite factual minimum even under the liberal pleading standards, it should be dismissed.

### III. City cannot be liable for punitive damages.

Plaintiff seeks an award of punitive damages against City in Counts I to III of his Complaint. City is not liable for punitive or exemplary damages. See City of Newport v. Facts Concerts, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102. Thus, the request for punitive damages from City in the Complaint should be stricken.

### Conclusion

Plaintiff has failed to allege a viable § 1983 claim against City in his Complaint. The only claim against City that is arguably pleaded is based on *respondeat superior*. It is well

5

established, however, that such a claim is precluded by <u>Monell</u> and its progeny. As to the conspiracy allegations, Plaintiff has only provided conclusory allegations which are insufficient to survive a motion to dismiss.

WHEREFORE, Defendant City respectfully requests that this Court enter an order dismissing Counts I and III of Plaintiff's Complaint against City.

                Respectfully submitted,

                MARA S. GEORGES
                Corporation Counsel for
                the City of Chicago

BY: _____
                ARNOLD H. PARK
                Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6922
Atty. No. 06237837

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **NOTICE OF MOTION** and **DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S COMPLAINT** to be mailed to the person named in the foregoing Notice at the address therein shown, on this 11th day of January 2002.

_____
Arnold H. Park