IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY LINSON, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 8781 |
| ) | |
| V. ) | |
| ) | Judge Ronald A. Guzman |
| J. MILLER, a Chicago Police Officer, ) | |
| A. GONZALEZ, a Chicago Police Officer, ) | **FILED** |
| THE CITY OF CHICAGO, a municipal ) | |
| corporation, and WILLARD KOBUSCH, ) | FEB 1 2 2002 |
| ) | |
| Defendants.) | MICHAEL W DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

## ANSWER TO MOTION TO DISMISS

NOW COMES the plaintiff JEREMY LINSON, by his attorneys John M. Beal and Andrea Gambino, and for his answer to the Defendant City of Chicago's Motion to Dismiss Counts I and III states as follows:

1. The defendant City has filed a motion asking the Court to dismiss plaintiff's complaint. In ruling on a motion to dismiss, the court is to view all allegations in the complaint "in a light most favorable to the non-moving party," *United States v. Wood*, 925 F.2d 1580 at 1581 (7th Cir. 1991). The court must also draw all reasonable inferences from the factual averments in favor of the plaintiff, and the complaint should not be dismissed unless "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of her claim which would entitle her to relief." *Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001).



2. The defendant City first asserts that Count One, entitled Federal Civil Rights Violation, should be dismissed because plaintiff does not allege any facts supporting a basis for recovery for the violation of any policy of the City, as required by *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny. Plaintiff answers that the City is not named in Count One on a *Monell* theory of liability. Rather, the City is named consequent to the City's obligation to pay compensatory damages awarded against the defendant officers. The Seventh Circuit has explicitly approved of naming a municipality as a defendant for this purpose. *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997); followed in *Savin v. Robinson*, 2001 WL 1191192, *3 (N.D. Ill., J. Grady, Oct.4, 2001); *Buttron v. Sheahan*, 2-1 WL 111028 (N.D.Ill., J. Hibbler, Feb. 2, 2001); and *Saffold v. City of Calumet Park, Illinois*, 47 F.Supp2d 927, 931, N.D. Ill., J. Williams, March 30, 1999). Since *Wilson*, the Illinois Supreme Court has determined, pursuant to the question being certified to it by the Seventh Circuit, that the City is not liable for attorneys' fees awarded against individual defendant officers. *Yang v. City of Chicago*, 195 Ill.2d 96, 745 N.E.2d 541 (2001). That case, however, has no bearing on the City's liability for compensatory damages. *Wilson* remains the controlling law on that issue.

3. The City next asks the Court to dismiss Count Three, entitled Conspiracy to Violate Civil Rights and to Commit Assault and Battery, on the grounds that the complaint fails to allege sufficient "factual notice" concerning

2

the particulars of the conspiracy. Defendants in §1983 actions often seek to use motions to dismiss as vehicles for importing state court fact pleading requirements into the federal law, or to conduct discovery in the guise of such a motion. As the Seventh Circuit has stated, "Rule 8 establishes a system of notice pleading. A complaint need not set out all the facts or recite law; all it has to do is set out a claim for relief...Over and over, appellate courts insist that a complaint not be dismissed unless no relief may be granted 'under any set of facts that could be proved *consistent* with the allegations.'" *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992).

Count Three should not be dismissed for two reasons. First, it sufficiently states a conspiracy claim. The complaint alleges that the defendant officers both brutally beat defendant Linson and watched without intervening while other officers did the same. The Seventh Circuit has stated, "To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on all the details of the conspiratorial scheme or even know who the other co-conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *George Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). In a case very similar to this one, the Fourth Circuit cited the Seventh Circuit definition for a conspiracy from *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir., 1979), and then applied it