Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8781 | **DATE** | 9/30/2002 |
| **CASE TITLE** | JEREMY LINSON vs. J. MILLER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants the City's motion to dismiss Counts I and III of the Complaint [3-1] and dismisses those counts without prejudice. Individual defendants Miller, Gonzalez and Kobusch joined the City's motion to dismiss as to Count III, and the Court denies their motion. Status hearing set for 10/25/02 At 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | SEP 30 2002 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LINSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| | ) ) | 01 C 8781 |
| J. MILLER, Chicago Police Officer, A. GONZALEZ, Chicago Police Officer, THE CITY OF CHICAGO, Municipal Corporation & WILLARD KOBUSCH, | ) ) ) ) ) | |
| Defendants. | ) | |

**DOCKETED SEP 3 0 2002**

## MEMORANDUM OPINION AND ORDER

The facts of this case involve the alleged hitting, beating, and kicking of the plaintiff by defendant police officers Miller, Gonzalez, and other Chicago police officers. Linson has sued all defendants for unreasonable seizure and conspiracy to violate his civil rights, in violation of 42 U.S.C. § 1983 ("section 1983") (Counts I and III) and also for assault, battery, and false arrest in violation of Illinois law (Counts II and IV). The City of Chicago ("City") has moved to dismiss Counts I and III of the Complaint. The individual defendants, Miller, Gonzalez, and Kobusch, have joined the City's motion to dismiss, but only with regard to Count III. For the reasons provided in this Memorandum Opinion and Order, the Court grants the City's motion and dismisses Counts I and III as to the City, and the Court denies the individual defendants' motion to dismiss Count III.



## FACTS

On or about July 12, 2001, Linson was in the vicinity of 3655 North Sheffield Avenue, Chicago, Illinois when Willard Kobusch stated to police officers Miller and Gonzalez that Linson allegedly threw a beer can at and injured him. (Compl. ¶ 8.) In the course of arresting Linson, Miller, Gonzalez, and other Chicago Police Officers allegedly hit, beat and kicked him without cause, provocation, or lawful justification. (*Id.* ¶ 9.)

## DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court accepts the "well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). A claim may be dismissed only if it is beyond doubt that under no set of facts would plaintiff's allegations entitle it to relief. *Travel All Over the World, Inc. v. Kingdom of Saudia Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, in order to withstand a motion to dismiss, a complaint must allege facts setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

In Counts I and III, Linson alleges that the defendant police officers violated section 1983 and deprived him of his constitutional rights when they used and conspired to use excessive force against him by hitting, kicking and beating him during his arrest. To state a claim under section 1983, a plaintiff "must show (1) action taken under color of state law, . . . [and] (2) a deprivation of a right protected by the Constitution." *Brown*

*v. City of Lake Geneva*, 919 F.2d 1299, 1301 (7th Cir. 1990). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, a municipality can only be held liable under section 1983 if a custom or policy of the municipality was a cause of the plaintiff's injury. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504-05 (7th Cir. 2001). To establish a custom or policy, a plaintiff must show that his constitutional injury was caused "by (1) the enforcement of an express policy of the City, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Id.* at 504.

In support of its motion to dismiss Counts I and III, the City argues that Linson's section 1983 claims against Miller and Gonzalez in their official capacity, *i.e.*, against the City, should be dismissed because he has failed to allege that a policy or custom caused his alleged civil rights violation. In response, plaintiff relies on *Wilson v. City of Chicago*, a case in which the court held that there was ancillary jurisdiction to rejoin the City of Chicago and to hold the City derivatively liable under state law. 120 F.3d 681, 687 (7th Cir. 1997). Unfortunately for Linson, *Wilson* did not speak to whether the plaintiff's section 1983 claims should be dismissed pursuant to *Monell*. If the City had moved to dismiss Counts II and IV, Linson's state law claims as to the City, then his reliance on *Wilson* might make sense. However, the City has merely moved to dismiss Linson's section 1983 claims, not his state law claims.

Upon examination of the Complaint, the Court finds that Linson has failed to make even a bare allegation that the officers were acting pursuant to a policy or custom

when they hit, beat, and kicked him during his arrest. As a consequence, the Complaint is insufficient to survive the City's motion to dismiss.

The individual defendants have joined the City's motion to dismiss as to Count III, the section 1983 conspiracy claim, on the basis that plaintiff has failed to plead sufficient facts. The Seventh Circuit has "held time and again . . . there is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions . . . listed in Rule 9." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (abrogating cases that stated that conclusory allegations of conspiracy were insufficient to withstand a motion to dismiss). "Hence it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Id.*

Rule 9 is not triggered by the facts of this case. Further, plaintiff has pleaded that on July 12, 2001, Miller, Gonzalez, and Kobusch conspired to use excessive force during his arrest without cause, provocation, or lawful justification for such conduct. The Court holds that the conspiracy claim as to the individual defendants has been sufficiently pleaded to satisfy the notice pleading standard of the Federal Rule of Civil Procedure. Therefore, Count III is not dismissed as to them.

Finally, the City has moved to strike Linson's prayer for punitive damages in Counts I and III. The City's motion to strike the request for punitive damages from the City is granted on the grounds that a municipality is not liable for such damages under section 1983. *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## Conclusion

For the foregoing reasons, the Court grants the City's motion to dismiss Counts I and III of the Complaint [doc. 3-1] and dismisses those counts without prejudice. Individual defendants Miller, Gonzalez, and Kobusch joined the City's motion to dismiss as to Count III, and the Court denies their motion.

SO ORDERED            ENTERED: 9/30/02

*[signature]*

HON. RONALD A. GUZMAN
United States Judge