IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LINSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 01 C 8781 |
| | ) | |
| vs. | ) | JUDGE GUZMAN |
| | ) | |
| J. MILLER, a Chicago Police Officer, | ) | MAGISTRATE JUDGE LEVIN |
| A. GONZALEZ, a Chicago Police Officer, | ) | |
| THE CITY OF CHICAGO, a municipal | ) | |
| corporation, and WILLARD KOBUSCH, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## NOTICE OF FILING

**TO:** John M. Beal
Attorney at Law
53 W. Jackson Blvd., Suite 1108
Chicago, IL 60604

Andrea E. Gambino
Attorney at Law
200 S. Michigan Ave., #1240
Chicago, IL 60604

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is attached hereto and herewith served upon you.

**DATED** at Chicago, Illinois this 15th day of November, 2002.

Respectfully submitted,

_____
JELENA BEUK
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (FAX)
ATTY. NO. 06242524

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY LINSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 01 C 8781 |
| | ) | |
| vs. | ) | JUDGE GUZMAN |
| | ) | |
| J. MILLER, a Chicago Police Officer, | ) | MAGISTRATE JUDGE LEVIN |
| A. GONZALEZ, a Chicago Police Officer, | ) | |
| THE CITY OF CHICAGO, a municipal | ) | |
| corporation, and WILLARD KOBUSCH, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant Chicago Police Officers Miller and Gonzalez ("Defendants")[1], by one of their attorneys, Jelena Beuk, Assistant Corporation Counsel of the City of Chicago, in answer to Plaintiff's Complaint, submit the following Answer, Affirmative Defense, 12(b)(6) Defense, and Jury Demand:

#### ANSWERS TO ALLEGATIONS OF JURISDICTION

1. This is an action brought for violation of the laws of the United States and the State of Illinois, and this Court has jurisdiction under Title 28 U.S.C. §§ 1331, 1343 and 1367.

   **ANSWER:** Defendants admit that Plaintiff has brought this action for alleged violations of the laws of the United States and the State of Illinois, and

---

[1] Defendants Miller and Gonzalez make no answer on behalf of any other Chicago Police Officers against whom allegations are made herein, or any other defendants, and answer solely on their own behalf. Any reference in this answer to "Defendants" refers solely to Defendants Miller and Gonzalez.

1

that, based on the allegations herein, this Court has jurisdiction of this action under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (a)(4), and supplemental jurisdiction for any claims brought under the laws of the State of Illinois under 28 U.S.C. § 1367, but deny engaging in any conduct which would give rise to a cause of action under the laws alleged.

## ANSWERS TO ALLEGATIONS OF VENUE

2. Venue properly lies in the Northern District of Illinois in that the events giving rise to the claim occurred in Chicago, Cook County, Illinois.

**ANSWER:** Defendants admit that venue is proper in this court, and that events occurred in Chicago, Cook County, Illinois. Defendants deny the Plaintiff's allegations of wrongful conduct and that the events occurred as alleged by Plaintiff.

## ANSWERS TO ALLEGATIONS PERTAINING TO PARTIES

3. Defendant J. Miller, Star # 17359, is, and at all times relevant hereto was, a City of Chicago police officer.

**ANSWER:** Defendants admit the allegations in paragraph 3.

4. Defendant A. Gonzalez, Star # 1248, is, and at all times relevant hereto was, a City of Chicago police officer.

**ANSWER:** Defendants admit the allegations in paragraph 4.

5. Defendant City of Chicago is a municipal corporation and the employer of defendants Miller and Gonzalez through it[s] Department of Police.

**ANSWER:** Defendants admit the allegations in paragraph 5.

6. Defendant Willard Kobusch is a resident of Grayslake, Illinois.

**ANSWER:** Defendants admit, upon information and belief, the allegation that at all times relevant to this complaint, Defendant Willard Kobusch was a resident of Grayslake, Illinois. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Willard Kobusch is presently a resident of Grayslake, Illinois.

7. Plaintiff Jeremy Linson is, and at all times relevant hereto was, a citizen of the United States and resident of the State of Illinois.

**ANSWER:** Defendants admit, upon information and belief, the allegation that at all times relevant to this complaint, Plaintiff was a citizen of the United States and resident of the State of Illinois. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is presently a resident of the State of Illinois.

## ANSWERS TO ALLEGATIONS OF UNDERLYING FACTS

8. On or about July 12, 2001, plaintiff Linson was peaceably and lawfully in the vicinity of 3655 North Sheffield Avenue, Chicago, Illinois, when defendant Kobusch falsely and maliciously stated to City of Chicago police officers that plaintiff Linson had thrown a beer can at and thereby injured him. These false statements by defendant Kobusch caused Chicago police officers to arrest plaintiff Linson.

**ANSWER:** Defendants admit the allegations that on or about July 12, 2001 Plaintiff was in the vicinity of 3655 North Sheffield Avenue, Chicago, Illinois, and that Defendant Kobusch stated to City of Chicago police officers that

plaintiff Linson had thrown a beer can at and thereby injured him.

Defendants deny the remaining allegations in paragraph 8.

9. In the course of arresting plaintiff Linson, defendants Miller, Gonzalez, and other Chicago police officers without cause, provocation, or lawful justification brutally hit, beat, and kicked plaintiff Linson.

**ANSWER:** Defendants admit that Plaintiff was arrested, but deny the remaining allegations in paragraph 9.

10. The actions of defendants Miller, Gonzalez, and other Chicago police officers in hitting, kicking and beating plaintiff Linson were willful and wanton and were taken with evil intent and callous indifference to the rights of Plaintiff Linson.

**ANSWER:** Defendants deny the allegations in paragraph 10.

ANSWERS TO ALLEGATIONS OF FEDERAL CIVIL RIGHTS VIOLATION

11. In beating plaintiff Linson without lawful justification during the course of his arrest, defendants Miller, Gonzalez, and other Chicago police officers violated plaintiff Linson's right to be free from unreasonable seizures under the Fourth Amendment to the Constitution of the United States, as applied to the defendants through the Fourteenth Amendment.

**ANSWER:** Defendants admit that Plaintiff was arrested, but deny the remaining allegations in paragraph 11.

12. Plaintiff Linson experienced pain and suffering, fright, degradation, and emotional distress as a direct and proximate result of the actions of defendants, as set forth above.

**ANSWER:** Defendants deny the allegations in paragraph 12.

WHEREFORE, Defendants Miller and Gonzalez request this Court enter judgment in

their favor and against Plaintiff, and enter any other relief in favor of Defendants Miller and Gonzalez and against Plaintiff that this Court deems appropriate, on Count I.

## COUNT TWO

## ANSWERS TO ALLEGATIONS OF ASSAULT AND BATTERY - ILLINOIS LAW

13. As set forth above, plaintiff was peacably and lawfully in the vicinity of 3655 North Sheffield Avenue, Chicago, Illinois.

> **ANSWER:** Defendants repeat their answers to the foregoing paragraphs as set forth above, as though fully set forth herein. Defendants admit that Plaintiff was in the vicinity of 3655 North Sheffield Avenue, Chicago, Illinois, but deny the remaining allegations in paragraph 13.

14. As set forth above, defendants, while on duty wilfully and wantonly and without lawful justification beat and battered plaintiff Linson.

> **ANSWER:** Defendants repeat their answers to the foregoing paragraphs as set forth above, as though fully set forth herein. Defendants admit that they were on duty, but deny the remaining allegations in paragraph 14.

15. Plaintiff Linson was severely bruised and battered by defendants. He further suffered fright, humiliation, embarrassment, degradation, and emotional distress as a direct and proximate result of the actions of defendants, as set forth above.

> **ANSWER:** Defendants deny the allegations in paragraph 15.

WHEREFORE, Defendants Miller and Gonzalez respectfully requests this Court enter judgment in their favor and against the Plaintiff, and enter any other relief in favor of Defendants Miller and Gonzalez and against Plaintiff that this Court deems appropriate, on Count II.

## COUNT THREE

### ANSWERS TO ALLEGATIONS OF CONSPIRACY VIOLATE CIVIL RIGHTS [sic] AND TO COMMIT ASSAULT AND BATTERY

16. Defendants Miller and Gonzalez were present at and observed the beating of plaintiff Linson as described in paragraph 9, 10, 11, and 12, above.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. Defendants Miller and Gonzalez did nothing to intervene in or otherwise stop the unlawful beating of plaintiff Linson.

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. Plaintiff was severely bruised and battered by the group of City of Chicago police officers of which defendants Miller and Gonzalez were a part. Plaintiff further suffered fright, humiliation, embarrassment, degradation, and emotional distress as a direct and proximate result of the events set forth above.

**ANSWER:** Defendants admit that other City of Chicago police officers were present, along with Defendants. Defendants deny the remaining allegations in paragraph 18.

WHEREFORE, Defendants Miller and Gonzalez respectfully requests this Court enter judgment in their favor and against the Plaintiff, and enter and award such other relief the Court deems appropriate, on Count III.

## COUNT FOUR

### ANSWERS TO ALLEGATIONS OF FALSE ARREST - ILLINOIS LAW

The allegations in Count IV are not directed against Defendants Miller and Gonzalez, and

therefore Defendants Miller and Gonzalez make no answer under this count. To the extent certain allegations here repeat earlier allegations in the complaint, Defendants Miller and Gonzalez repeat their answers to the foregoing paragraphs as set forth above, as though fully set forth herein.

### AFFIRMATIVE DEFENSES

1. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2. Defendant Officers Miller and Gonzalez were working as police officers at the time of the alleged incident. Therefore, as to all claims alleged under state law, under the Illinois Tort Immunity Act, Officers Miller and Gonzalez are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

3. Officers Miller and Gonzalez are not liable for any of Plaintiff's alleged claims because a public employee, acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Defendant Officers Miller and Gonzalez's actions were not the proximate cause of Plaintiff's injuries. Rather, Plaintiff's injuries were caused by third parties.

5. Even if Officers Miller and Gonzalez were liable in damages, the total amount of

damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff, which was the proximate cause of her injuries.

6. Under the Illinois Tort Immunity Act, Officers Miller and Gonzalez are immune from liability for discretionary decisions. 745 ILCS 10/2-201.

7. Defendants had the right to rely upon a citizen complaint in effecting the arrest of Plaintiff.

8. Plaintiff failed to mitigate his damages.

### FED. R. CIV. P. 12(B)(6) DEFENSES

1. An award of punitive damages would deprive Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; or

(b) the award of punitive damages is disproportionate to actual damages.

2. Plaintiff fails to state a claim for conspiracy.

### JURY DEMAND

Defendants hereby request trial by jury.

Respectfully submitted,

JELENA BEUK
Assistant Corporation Counsel

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
Attorney No.: 06242524

8

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing NOTICE OF FILING and DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT, to be mailed to:

John M. Beal
Attorney at Law
53 W. Jackson Blvd., Suite 1108
Chicago, IL 60604

Andrea E. Gambino
Attorney at Law
200 S. Michigan Ave., #1240
Chicago, IL 60604

on this 15th day of November, 2002.

Jelena Beuk

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (FAX)
ATTY. NO. 06242524